**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | |
| Plaintiff, | |
| - vs - | CASE NO.: 1:24-cv-00455-JMB-SJB |
| TACO BORRACHO, LLC d/b/a TACO BORRACHO, ANGEL GONZALEZ, | Hon. Jane M. Beckering |
| Defendants. | |

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for August 21, 2024 at 11:00 a.m. E.S.T. before the Hon., Jane M. Beckering, United States District Court Judge. Appearing for the parties as counsel will be Kevin T. Kavanaugh for the Plaintiff and Brion B. Doyle, counsel for the Defendants:

**Jurisdiction:**

The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). In particular Plaintiff alleges, among other claims, statutory violations of 47 U.S.C. §§ 553, 605.

**Jury or Non-Jury:** This case is to be tried by the Court as trier of law and fact.

**Judicial Availability:** The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in this Case.

**Plaintiff's Statement of its Case:**

Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial/non-residential establishments including bars, restaurants, clubhouses, shops, and

similar locations. By virtue of a written agreement with the owner of the copyright, Plaintiff held the exclusive commercial license to distribute and authorize the public display of the pay-per-view broadcast of *Canelo Álvarez vs. GGG III*, including all undercard bouts and commentary, telecast on September 17, 2022 (the "Program"). Plaintiff was granted the exclusive domestic license to authorize the public performance and display, 17 U.S.C. § 106(4)-(5), of the Program at commercial establishments. Defendants operate an establishment known as Taco Barracho located in Grand Rapids, Michigan. The Program was legally available to the Defendants for exhibition in their Establishment only after paying the commercial rate to Plaintiff. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial license fee to Plaintiff. Instead, Defendants, including their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

Defendants intentionally pirated the Program for the sole purpose of their own economic gain. Defendants exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights in the high-profile event. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 and/or 553. Defendants' unauthorized distribution and public performance of the Program through any means, including without limitation, cable, satellite, or internet stream, was in violation of 17 U.S.C. §§ 106 and 501.

**Relief Sought:**

Plaintiff respectfully requests a judgment in favor of Plaintiff and against each Defendant jointly and severally as follows:

      a.      for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 committed for the purpose of commercial advantage, or alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553 committed for the purpose of commercial advantage;

      b.      for Plaintiff's attorneys' fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

      c.      for such other and further relief to which Plaintiff may be entitled.

**<u>Defendants Summary of Defenses:</u>**

Defendants are not liable pursuant to 47 U.S.C. §§ 605 and/or 553.  Any alleged showing of the fight *Canelo Álvarez vs. GGG III* at Taco Borracho was not accomplished through the use of unauthorized access to a cable or satellite signal – and Plaintiff has not provided evidence otherwise.  Because the claims asserted against Defendants, as a threshold matter, require unauthorized access to either a cable signal or a satellite signal, Plaintiff's claim against Defendants for violation of §§ 605 and/or 553 must fail.  *See Cablevision of Michigan, Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (Table) (6th Cir. 1994) ("In light of the legislative history, Section 605(a) may be read as outlawing satellite signal piracy, while Section 553 bans only the theft of programming directly from a cable system."); *see, e.g., G & G Closed Circuit Events, LLC v. Samusick*, No. 2:18-cv-01796-WDK-JC (C.D. Cal. 2018) (minutes from in-chambers hearing indicating the court granted defendant's motion for summary judgment based on the Internet defense and denied plaintiff's cross-motion for summary judgment where the defendant broadcast plaintiff's program in her hotel via the Internet streaming device, Amazon Firestick); *J & J Sports Prods., Inc. v.*

3

*Thompson*, No. ED CV 16-01939 WDK-PLA, 2019 WL 13039884 (C.D. Cal. Sept. 20, 2019) (granting defendants' motion for summary judgment based on the Internet defense where defendants live-streamed plaintiff's program at their restaurant via the Internet using a laptop computer); *G & G Closed Cir. Events, LLC v. Espinoza*, No. CV 18-07894 WDK-JC, 2020 WL 7861971 (C.D. Cal. Oct. 5, 2020) (granting defendants' motion for summary judgment where defendants purchased and then exhibited plaintiff's program via the Internet using a Sony PlayStation); *G & G Closed Cir. Events, LLC v. Rojas*, No. ED CV 18-00438 WDK-JC, 2020 WL 7861979 (C.D. Cal. Oct. 5, 2020) (granting defendants' motion for summary judgment where defendants purchased plaintiff's program over the Internet through the website Flipps.com and used a laptop computer to view the program); *G & G Closed Cir. Events, LLC v. Snukal*, No. CV 19-07854 WDK-JC, 2021 WL 4527769 (C.D. Cal. Apr. 16, 2021) (granting defendants' motion for summary judgment where defendants live-streamed plaintiff's program via the Internet website www.fight.com).

Even if Plaintiff succeeds in its 47 U.S.C. §§ 605 and/or 553 claim, enhanced damages are not appropriate in this case as it was the first violation, led to little monetary gain, and Taco Borracho did not increase its cover charge above and beyond what it would have charged on such night. *See e.g., J&J Sports Productions, Inc. v. Navarro*, 229 F. Supp. 3d 793, 804-805 (N.D. Ind. 2017); *Joe Hand Promotions, Inc. v. Easterling*, 2009 WL 1767579, *6 n. 2 (N.D. Ohio June 22, 2009).

Moreover, Defendants maintain that joint and several liability is inappropriate here. Defendant Angel Gonzalez enjoyed no direct financial benefit from the allegedly unauthorized showing of *Canelo Álvarez vs. GGG III* as no special cover was charged and there is no evidence that more patrons than were typical were present at Taco Borracho. *See Bridgeport Music, Inc. v.*

4

*Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Joe Hand Promotions, Inc. v. Thatcher*, No. 5:18-CV-0647-MAS, 2021 WL 2627383, at *3 (E.D. Ky. Mar. 29, 2021).

**Prospects of Settlement:** The parties, through their counsel, have been actively discussing a resolution and are optimistic this case will be resolved short of a trial.

**Pendent State Claims:** This case does not involve any pendent State claims.

**Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and all motions to amend the pleadings by September 15, 2024.

**Proposed Discovery Deadlines:**

| | |
|---|---|
| Initial Disclosures: | September 15, 2024 |
| Witness Lists filed: | October 1, 2024 |
| Discovery Cutoff: | March 1, 2025 |
| Dispositive Motions due: | May 15, 2025 |
| Settlement Conference Summaries due: | July 15, 2025 |
| Final Pretrial Order due: | August 30, 2025 |
| Motions in limine due: | September 30, 2025 |
| Final Pretrial conference: | October 15, 2025 |
| Trial Date: | October 30, 2025 |
| Estimated Length of trial: | 2 days |

**Anticipated Discovery Disputes:**

There are no anticipated discovery disputes at this time.

**ADR:**

Plaintiff believes the costs of a formal mediation would likely outweigh the benefit and reduce settlement potential.

Respectfully Submitted,

Dated August 14, 2024

| | |
|---|---|
| /s/ Kevin T. Kavanaugh<br>KEVIN T. KAVANAUGH (P67048)<br>Attorney for Plaintiff<br>3331 W. Big Beaver, Ste. 109<br>Troy, MI 48084<br>(248) 608-4451<br>kevin@thekavanaughlawfirm.com | /s/ Brion B. Doyle<br>BRION B. DOYLE (P67870)<br>Attorney for Defendants<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>bbdoyle@varnumlaw.com |